### Commonwealth v. Rivera

*Charles McCardell, assistant counsel,* for the Commonwealth.

*John J. Kerrigan,* for appellant.

BIESTER Jr., *J.,* July 9, 1992—The present matter is an appeal from the suspension of a motor vehicle license pursuant to 75 Pa.C.S. §1550(b). Appellant Rivera chal-

lenges the constitutionality of 35 Pa.C.S. §780-113(m), the authority upon which the said suspension rests. The appellant alleges, in particular, that section 13(m) of the Controlled Substance, Drug, Device and Cosmetic Act violates the substantive due process rights of persons convicted of Drug Act offenses, and also alleges that section 13(m) of the Drug Act constitutes cruel and unusual punishment.

The relevant facts are set forth as follows. The appellant is 30 years old and has lived in Pennsylvania for three years. He has had a driver's license since age 18. On September 6, 1991, the appellant was convicted for violating section 13(a)(30) of the Drug Act which reads:

"(30) Except as authorized by this Act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this Act or a practitioner not registered or licensed by the appropriate state board, or knowingly creating, delivering or possessing with intent to deliver a counterfeit controlled substance."

On December 20, 1991, the appellant was informed that as a result of his conviction for violating section 13(a)(30) of the Drug Act, his motor-vehicle operating privileges would be suspended for two years pursuant to section 13(m)(3) of the Act. This appeal followed.

Section 13(m) is central to our analysis. It provides as follows:

"(m) Notwithstanding any other provision in this Act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any Act, upon conviction for a violation of this Act, shall have his or her operating privilege suspended. The clerk of any court of this Commonwealth, within 10 days after final judgment of conviction for violations

of this Act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

"(1) For a first offense, a period of 90 days from the date of suspension.

"(2) For a second offense, a period of one year from the date of suspension.

"(3) For a third offense, and any offense thereafter, period of two years from the date of the suspension. Any multiple suspensions imposed shall be served consecutively."

The appellant's initial allegation is that section 13(m) of the Drug Act violates the guarantee of substantive due process set forth in the 14th Amendment to the U.S. Constitution and in Article 1, §9, of the Pennsylvania Constitution. A consistent due process analysis is applicable to both the U.S. and the Pennsylvania Constitutions. See *Commonwealth v. Strunk,* 400 Pa. Super. 25, 30, 582 A.2d 1326, 1328 n. 4 (1990), *appeal denied,* 528 Pa. 630, 598 A.2d 283 (1991).

We begin our analysis by noting that a driver's license is a privilege rather than a fundamental right, and that Pennsylvania court's have uniformly evaluated operating privilege suspensions or revocations under a "rational relationship" standard rather than one requiring strict scrutiny. See *Strunk,* 400 Pa. Super. at 25, 582 A.2d at 1327. Under the "rational relationship" standard, legislative enactments enjoy a strong presumption of constitutionality. *United States v. Geller,* 460 F. Supp. 1309 (E.D. Pa. 1983). The party challenging a statute's constitutionality bears the burden of establishing that no ra-

tional relationship exists between the statute and a legitimate state interest. *Commonwealth v. Finnegan,* 280 Pa. Super. 584, 421 A.2d 1086 (1980). An enactment of the legislature will be found constitutional unless the challenging party advances evidence that the statute clearly, palpably and plainly violates the Constitution, *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986), or proves that the statute is irrational or arbitrary. *Strunk,* 400 Pa. Super. at 30, 582 A.2d at 1330.

With the above criteria in mind, we apply a two-step analysis to determine a statute's constitutionality. As a first step, we consider whether the challenged statute seeks to promote any legitimate state interest or public value, and as the second step we determine whether the statute is reasonably or rationally related to accomplishing the articulated state interest or interests. *Meier v. Anderson,* 692 F. Supp. 546 (E.D. Pa. 1988), *aff'd,* 869 F.2d 590 (3d Cir. 1989).

With regard to the first step noted above, we find the statute at issue clearly promotes the legitimate goals of deterrence and punishment of drug related offenses. We emphasize that the rational relationship test does not require definitive proof that a particular goal was in fact considered by the legislature. Rather, so long as the statute promotes a legitimate state interest, the mandates of this prong will be found to have been satisfied. We further find that the motor-vehicle operation restrictions set forth in section 13(m) of the Drug Act satisfy the second aspect of substantive due process analysis as we find the restrictions to be reasonably and rationally related to deterring and punishing illegal drug use. Obviously, drugs are transported, and we would simply note that one of the most private and elusive ways to transport illegal narcotics is by motor vehicle.

We would note that although Pennsylvania's appellate courts have not decided the precise question in issue, our Superior Court has held that an operating privilege suspension similar to that in issue may be imposed upon persons convicted of underage drinking regardless of whether a motor vehicle is implicated in the predicate offense. *Commonwealth v. Strunk,* 400 Pa. Super. 25, 582 A.2d 1326 (1990), *appeal denied,* 528 Pa. 630, 598 A.2d 283 (1991). The court held, in particular, that such a statute did not violate substantive due process rights as it is rationally related to the goal of punishing and deterring underage possession and consumption of alcoholic beverages. *Strunk,* 400 Pa. Super. at 25, 582 A.2d at 1326 (1990). We would also note that the New Jersey Supreme Court has held a statute which is virtually identical to the statute sub judice to be constitutional in all respects. See *State v. Smith,* 58 N.J. 202, 276 A.2d 369 (1971).

The defendant next alleges that the operating privilege suspension mandated by 35 P.S. §780-113(m) constitutes "cruel and unusual punishment" within the scope of either the Eighth Amendment to the U.S. Constitution or Article 1, §13 of the Pennsylvania Constitution, a provision whose protections are no more expansive than those contained in the Eighth Amendment. See *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 454 A.2d 937 (1982), *cert. denied,* 461 U.S. 970 (1983). Although the appellant does not relate his concerns in this regard with any particularity, we shall, nevertheless, address his general contention.

The Eighth Amendment prohibits "barbaric" punishment and punishments "that are excessive in relation to the crime committed." *Coker v. Georgia,* 433 U.S. 584, 592 (1977). A punishment is considered "excessive" and, therefore, unconstitutional if it either, "(1) makes

no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering, or (2) is grossly out of proportion to the severity of the crime. A punishment might fail the test on either ground." *Coker,* 433 U.S. at 592. However, courts are instructed to grant the legislature substantial deference in delineating types and limits of penalties, *Solem v. Helm,* 463 U.S. 277, 290 (1983), and successful challenges to a criminal penalty are extremely rare where the penalty is something other than capital punishment. *Solem,* 463 U.S. at 289-90. Applying these standards, courts attempt to identify objective factors such as public and legislative attitudes, history and precedent which together form the "evolving standards of decency" relied on in order to determine whether the penalty is disproportionate to the offense. See *Stanford v. Kentucky,* 492 U.S. 361 (1989); *Trop v. Dulles,* 356 U.S. 86 (1958).

We have thoroughly reviewed all relevant case law, and we find no precedent which convinces us that the suspension of one's motor-vehicle operating privilege as set forth in section 13(m) of the Drug Act constitutes "cruel or unusual punishment" as defined by the U.S. or Pennsylvania Constitutions. We do not find the license suspension penalties prescribed in the statute sub judice to be "grossly out of proportion" to the drug offenses to which they relate, nor do we find that the suspensions violate any "evolving standards of decency." Rather, we find that the license suspension penalties in issue contribute to the acceptable goals of punishment and deterrence of drug related offenses, and we would defer to the legislature's expertise in delineating types and limits of penalties.

For the foregoing reasons, we enter the following

## ORDER

And now, June 7, 1992, upon consideration of appellant Rivera's appeal from the suspension of a motor vehicle license pursuant to 75 Pa.C.S. §1550(b), we hereby order that said appeal is denied and dismissed.